■ In the Matter of FENIMORE CIRCLE CORP., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the State Liquor Authority, dated March 21, 1969, which revoked petitioner's liquor license. Proceeding dismissed on the merits and determination confirmed, with costs. No opinion. Christ, Acting P. J., Brennan and Munder, JJ., concur; Rabin and Benjamin, JJ., dissent and vote to modify the determination by reducing the penalty from revocation to suspension from the effective date of the order of revocation (Feb. 28, 1969) to the present time. In our view the penalty of revocation is, in the circumstances presented, excessive to the extent indicated and constitutes an abuse of discretion.

■ In the Matter of MARIE KNIGHT, Appellant, v. LESLIE KNIGHT, Respondent.— In a proceeding for support of petitioner wife and the parties' infant child, in which the Family Court, Nassau County, made an order of disposition, entered February 21, 1968, petitioner appeals, as limited by her brief, from so much of an order of said court, entered March 3, 1969, as (a) denied her petition for an increase in the amount of the allowance for her and the child's support; (b) determined, on her petition to adjudge respondent husband in violation of the support order, that he had not willfully disobeyed said order; and (c) granted respondent's petition for a decrease in the amount of the support payments. Order modified, on the law and the facts, by increasing the required support payment for petitioner and the child of the parties from $50 per week to $60 per week. As so modified, order affirmed insofar as appealed from, without costs. Under all the circumstances as they existed at the time the subject order was made, it is our opinion that the required payment to petitioner for support of herself and the child should be $60 per week. In all other respects we believe the order was proper. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.